**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **TEXAS IP RESEARCH, LLC,**<br>    *Relator*,<br>        v.<br><br>**(1) PENTAIR, INC., and<br>(2) PENTAIR WATER POOL AND SPA, INC.,**<br>    *Defendants*, | Civil Action No. 5:11-CV-015<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR FALSE PATENT MARKING**

Relator Texas IP Research, LLC ("Relator") makes the following allegations against related Pentair, Inc. and Pentair Water Pool and Spa, Inc. (collectively, "Pentair" or "Defendant"):

**NATURE OF THE ACTION**

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

**PARTIES**

2. Relator is a Texas limited liability company having a principal place of business at 2623 Olive Street, Texarkana, TX 75503. Relator has appointed Thomas R. Carroll, Jr., 2623 Olive Street, Texarkana, TX 75503, as its agent for service of process.

3. On information and belief, Pentair, Inc. is a Minnesota corporation with its principal place of business at 5500 Wayzata Boulevard, Suite 800, Golden Valley, MN 55416. Pentair, Inc. has not recorded an agent for service of process in Minnesota.

4. On information and belief, Pentair Water Pool and Spa, Inc. is a subsidiary of Pentair, Inc. and is a Delaware corporation with its principal place of business at 1620 Hawkins Avenue, Sanford, NC 27330 and/or 10951 W. Los Angeles Avenue, Moor Park,

CA 93021. Pentair Water Pool and Spa, Inc. has appointed Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

7. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and/or continues (and/or has and continues to cause others) to transact business in this District, and has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and/or continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## FACTS

8. Pentair has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,210,624 ("the '624 Patent") and 4,293,425 ("the '425 Patent"), true and

correct copies of which are attached as Exhibits A-B, respectively, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the Rainbow Lifeguard® #300-29X Chlorine/Bromine Feeder for Commercial-Size Applications and Rainbow Lifeguard® #300 Chlorine/Bromine Feeder products, as illustrated in Exhibits C-D, respectively.

9. The '624 Patent (Exhibit A), which is titled "Universal Chlorinator Module," was filed in the United States on May 15, 1978 and issued on July 1, 1980. The '624 Patent is a continuation of S/N 735,964, filed October 27, 1976.

10. The '624 Patent expired, at the very latest, on July 1, 1997.

11. When the '624 Patent expired, all future rights in that patent ceased to exist.

12. The '425 Patent (Exhibit B), which is titled "Method of Chlorinating Swimming Pools and the Like," was filed in the United States on January 14, 1980 and issued on October 6, 1981. The '425 Patent is a continuation of S/N 906,673, filed May 15, 1978, which is a continuation of S/N 735,964, filed October 27, 1976.

13. The '425 Patent expired, at the very latest, on October 6, 1998.

14. When the '425 Patent expired, all future rights in that patent ceased to exist.

15. Subsequent to expiration of the '624 Patent and the '425 Patent, Pentair has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising these patents in combination with its Rainbow Lifeguard® #300-29X Chlorine/Bromine Feeder for Commercial-Size Applications products. *See, e.g.*, Exhibit C (containing product literature, which was available on Pentair's website at or near the time of filing of this original complaint,[1] having an electronic creation date of

---

[1] Pentair's website, www.pentairpool.com/pdfs/300_29XChlorineBromineFeederOM.pdf (last visited Jan. 20, 2011).

April 3, 2006 at 11:22:02 AM and an electronic modification date of April 3, 2006 at 11:32:52 AM, and marking, affixing, and/or advertising the Rainbow Lifeguard® #300-29X Chlorine/Bromine Feeder for Commercial-Size Applications products in combination with the '624 Patent and the '425 Patent).

16. Subsequent to expiration of the '624 Patent and the '425 Patent, Pentair has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising these patents in combination with its Rainbow Lifeguard® #300 Chlorine/Bromine Feeder products. *See, e.g.*, Exhibit D (containing product literature, which was available on Pentair's website at or near the time of filing of this original complaint,[2] having an electronic modification date of July 24, 2007, and marking, affixing, and/or advertising the Rainbow Lifeguard® #300 Chlorine/Bromine Feeder products in combination with the '624 Patent and the '425 Patent).

17. Pentair has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,790,344 ("the '344 Patent"), a true and correct copy of which is attached as Exhibit E, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the Kreepy Krauly® Kruiser™ Inground Suction Pool Cleaner, Kreepy Krauly® Classic™ Inground Pool Cleaner, and Kreepy Krauly® Automatic Inground Pool leaner products, as illustrated in Exhibit F-I.

18. The '344 Patent (Exhibit E), which is titled "Fluid Flow Regulator," was filed in the United States on April 1, 1987 and issued on December 13, 1988.

19. The '344 Patent expired, at the very latest, on April 1, 2007.

---

[2] Pentair's website, www.pentairpool.com/pdfs/320Chlorine-BromineFeeder_UG.pdf (last visited Jan. 20, 2011).

20. When the '344 Patent expired, all future rights in that patent ceased to exist.

21. Subsequent to expiration of the '344 Patent, Pentair has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '344 Patent in combination with its Kreepy Krauly® Kruiser™ Inground Suction Pool Cleaner products.  *See, e.g.*, Exhibit F (containing, in part, product literature, bearing a copyright date of 2009, more specifically a printed on date of May 21, 2009, and marking, affixing, and/or advertising the Kreepy Krauly® Kruiser™ Inground Suction Pool Cleaner products in combination with the '344 Patent); Exhibit G (containing, in part, product literature, bearing a copyright date of 2007, more specifically a printed on date of April 20, 2007, and marking, affixing, and/or advertising the Kreepy Krauly® Kruiser™ Inground Suction Pool Cleaner products in combination with the '344 Patent).

22. Subsequent to expiration of the '344 Patent, Pentair has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '344 Patent in combination with its Kreepy Krauly® Classic™ Inground Pool Cleaner products.  *See, e.g.*, Exhibit H (containing product literature, bearing a copyright date of 2009 and a printed on date of June 2009, and marking, affixing, and/or advertising the Kreepy Krauly® Classic™ Inground Pool Cleaner products in combination with the '344 Patent).

23. Subsequent to expiration of the '344 Patent, Pentair has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '344 Patent in combination with its Kreepy Krauly® Automatic Inground Pool Cleaner products.  *See, e.g.*, Exhibit I (containing product literature, bearing a copyright date of 2008 and a printed on date of April 2008, and marking, affixing, and/or advertising the

Kreepy Krauly® Automatic Inground Pool Cleaner products in combination with the '344 Patent).

24. Pentair is a large, sophisticated company. *See, e.g.*, Exhibit J at p. 1 (containing, in part, Pentair's 2009 Form 10-K, which indicates that Pentair's stock is traded on the New York Stock Exchange); *id.* at p. 4 (indicating that Pentair "is a focused diversified industrial manufacturing company comprised of two operating segments: Water and Technical Products. [Pentair's] Water Group is a global leader in providing innovative products and systems used worldwide in the movement, storage, treatment, and enjoyment of water.").

25. Pentair has, and routinely retains, sophisticated legal counsel. *See, e.g.*, Exhibit J at p. 15 (noting Pentair's general counsel).

26. Pentair has decades of experience applying for, obtaining, licensing, and/or litigating patents. *See, e.g.*, Exhibit J at p. 53 (indicating that Pentair's patents had a gross carrying amount value of $15,458,000 for accounting purposes).

27. Pentair knows, and at the very least reasonably should know, that the above expired patents do not cover any of the accused Pentair products, or any products whatsoever. *See, e.g.*, Exhibit J, at p. 8 (indicating Pentair's knowledge of the limited lifetime of patents by stating that "[p]atents, patent applications, and license agreements will expire or terminate over time by operation of law").

28. As a result of its false marking, Pentair has injured the United States Government, including its sovereign interest, and Defendant's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement. *See, e.g.*, Exhibit J, at p. 10

(indicating that "[p]atents . . . are important to [Defendant's] business. Intellectual property protection, however, may not preclude competitors from developing products similar to [Defendant's] or from challenging [its] names or products").

## CLAIM

29. Relator incorporates paragraphs 1–28, as if fully set forth herein. Pentair has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including the Rainbow Lifeguard® #300-29X Chlorine/Bromine Feeder for Commercial-Size Applications, Rainbow Lifeguard® #300 Chlorine/Bromine Feeder, Kreepy Krauly® Kruiser™ Inground Suction Pool Cleaner, Kreepy Krauly® Classic™ Inground Pool Cleaner, and Kreepy Krauly® Automatic Inground Pool Cleaner products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d). An award of pre-judgment and post-judgment interests on any monetary award;

(e).    An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).    Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 22, 2011

Respectfully submitted,

By: /s/ Hao Ni
Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2631
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com
**Attorneys for Relator
TEXAS IP RESEARCH, LLC**