**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| TEXAS IP RESEARCH, | § | |
| RELATOR, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:11-CV-015-DF |
| | § | |
| PENTAIR, INC., and PENTAIR | § | |
| WATER POOL AND SPA, INC., | § | |
| DEFENDANTS, | § | |

**PENTAIR RESIDENTIAL FILTRATION, LLC AND PURCELL MURRAY BUILDER
SALES COMPANY, INC.'S MOTION AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

### I.      INTRODUCTION

Plaintiff GHJ Holdings, LLC ("Relator") alleges in this *qui tam* action on behalf of the

United States of America that Pentair Residential Filtration, LLC ("Pentair Residential") and

Purcell Murray Builder Sales Company, Inc. ("Purcell") (collectively "Defendants") violated the

false marking statute, 35 U.S.C. § 292 ("Section 292" or "the false marking statute"), by not

removing allegedly expired patent numbers from residential and commercial water filter

products and materials related thereto.  Defendants jointly seek dismissal of the case under Rule

12(b) of the Federal Rules of Civil Procedure (the "Rules") because the Complaint has two

fundamental flaws: (1) the false marking statute is unconstitutional under the "Take Care" clause

of Article II of the U.S. Constitution because the false marking statute grants unfettered

discretion to *qui tam* relators to pursue false marking claims; and (2) *assuming arguendo* the

false marking statute passes Constitutional muster, the Complaint does not allege facts with the

requisite specificity to support a claim against the Defendants pursuant to Rule 9(b) and Rule

12(b)(6).   Purcell also seeks dismissal pursuant to Rule 12(b)(2) because this Court lacks personal jurisdiction over Purcell.

As to the first joint dismissal basis, the false marking statute is unconstitutional because it places no meaningful limits on the discretion that can be exercised by *qui tam* relators.   Article II of the U.S. Constitution requires that Congress draft legislation that gives the Executive Branch sufficient control over third-party enforcement of actions brought on behalf of, or in the name of, the United States.   The false marking statute, a quasi-criminal statute, contains no such controls and has resulted in *qui tam* litigation that extends far beyond any legitimate statutory interest in protecting the public from deliberately deceptive patent marking of unpatented articles.   The statute does not grant a statutory right to the Executive Branch to determine the appropriate cases for false patent marking prosecution or a statutory right to intervene and control such litigation. Indeed, the false marking statute is a prime example of unfettered third-party discretion gone wild.   As a result, hundreds of lawsuits have been commenced throughout the United States, including duplicative and frivolous lawsuits on unsubstantiated allegations.   The false marking statute was recently held to be unconstitutional under Article II by the United States District Court for the Northern District of Ohio in two decisions on February 23, 2011 and March 14, 2011 in *Unique Product Solutions, Ltd. v. Hy-Grade Valve*, *Inc.*, 5:10-cv-01912-DAP (N.D. Ohio) after consideration of the arguments asserted by the United States in support of the statute's constitutionality.   Because the Constitution prohibits delegation of law enforcement authority by the Executive Branch to third-parties without sufficient controls and because such limitations are absent from the false marking statute, this action should be dismissed.

As to the second joint basis for dismissal, *assuming arguendo* the Court declines to dismiss this action on constitutional grounds, the Complaint should be dismissed for failure to

meet the pleading requirements of Rule 9(b).  The Federal Circuit now has made plain that relators asserting claims under the false marking statute must meet the heightened pleading standard of Rule 9(b) and that the requirements of Rule 9(b) are not met by pleading conclusory allegations without any factual support.  *In re BP Lubricants USA Inc*., Misc. Docket 960, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011) (attached hereto as *Exhibit B*).  In the cookie cutter fashion common to false marking complaints, the Complaint in this action relies on the precise conclusory allegations held to be insufficient under Rule 9(b) in *In re BP Lubricants USA Inc*. Relator alleges merely that the Defendants are large sophisticated companies with experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits and knew or should have known that the patents had expired.  Relator, however, fails to set forth any specific underlying facts that would support the inference that Defendants knew or should have known that the patents in issue had expired, much less acted with intent to deceive. As in *In re BP Lubricants USA Inc.*, these bare allegations are not entitled to the presumption of truth and are insufficient to sustain the Complaint against dismissal.  In addition, the Relator fails to allege sufficient facts to support a threshold showing that the accused products, packaging or advertising contain false patent markings. For these reasons, the Complaint also should be dismissed under Rules 9(b) and 12(b)(6) for failure to state a claim.

Purcell also seeks dismissal of the action against it pursuant to Rule 12(b)(2) because Purcell does not have minimum contacts with the State of Texas to support personal jurisdiction over Purcell.  Purcell is not a citizen of the State of Texas and does no business in the State of Texas.  It has neither purposefully availed itself of the privilege of conducting activities within the State of Texas nor has it engaged in activities outside the State causing injury within the State

of Texas.  Accordingly, Purcell maintains that the Court lacks personal jurisdiction over Purcell

and this action should be dismissed against Purcell on that basis.

## II.     STATEMENT OF RELEVANT FACTS

### A.     Plaintiff Relator

Relator alleges it is a Texas limited liability company.  (Complaint ¶ 2.)  Relator does not

allege that it is a competitor of Defendants or a consumer that has purchased Pentair Residential

products from Pentair Residential or Purcell.  Indeed, Relator does not allege any individual

harm at all.  Relator appears to be in the sole business of filing false patent marking claims.  It

has filed over twenty five such suits in the Eastern District of Texas.

### B.     The Complaint

Relator alleges that Pentair Residential and Purcell sold water filter products with expired

patents for the purpose of deceiving the public.  (Complaint ¶ 45.)  Relator contends that two

expired U.S. Patents and a number of expired foreign patents appear on six water filter products.

(*Id.* at ¶ 9.[1])  The allegedly expired U.S. patents are: U.S. Patent No. 4,857,189 (the " '189

Patent") and Patent No. 4,956,086 (the " '086 Patent").  (*Id.*)  Both patents allegedly expired in

October, 2008.  (*Id.* at ¶¶ 11 and 12.)  The six products allegedly falsely marked with the expired

patents are: the Everpure® Water Filter Model No. QL2-OW200L ("Everpure Commercial

System") and water filter cartridges, Cartridge Model Nos. H-50, H-54, H-104, H-300 and SPA-

---

[1]     Relator identifies seven foreign patents allegedly marked on the accused products.
(Complaint ¶ 9).  Relator's attempt to bundle the foreign patents with the U.S. patents with
respect to its false marking claim is improper and the Defendants respectfully request that the
Court decline to consider any false marking claims allegedly premised on expired foreign
patents. *See Voda v. Cordis Corp.*, 476 F.3d 887, 901 (Fed. Cir. 2007) (declining to exercise
supplemental jurisdiction over claims based on alleged infringement of foreign patents on comity
grounds and noting that the "territorial limits of the rights granted by patents are similar to those
conferred by land grants.  A patent right is limited by the metes and bounds of the jurisdictional
territory that granted the right to exclude.")

400 ("Pentair Cartridges"). (*Id.* at ¶ 9.)   Relator makes no attempt to distinguish between the Defendants with respect to ownership of the patents in issue and the marking of the accused products.

Relator premises personal jurisdiction over defendants on their alleged "persistent and continuous contacts with the Eastern District of Texas," *Id.* at ¶ 6, as well as allegations that Defendants "falsely marked, advertised, distributed and sold products in the Eastern District of Texas." (*Id.* at ¶ 7.)   The complaint acknowledges that neither defendant is incorporated in nor has a principal place of business in the State of Texas.  (*Id.* at ¶¶ 3, 4.)

Relator contends that the Defendants falsely marked, affixed and advertised the accused products as patented using the expired patents.  (*Id.* at ¶ 10.)   The only specific factual allegation made in support of this contention is that the expired patents were marked on the packaging of the accused products.  (*Id.* at ¶ 20.)   The Complaint does not annex any exhibits supporting such alleged marking, affixing, packaging or advertising.

On the issue of intent, the Complaint alleges that the Defendants are "large sophisticated companies," that they retain "sophisticated legal counsel," and that they have "experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits."  (*Id.* at ¶ 23.)   In addition, Relator conclusorily alleges further that: the Defendants knew that the patents had expired but marked them on the accused products nonetheless, *Id.* at ¶ 22; Defendants consistently reviewed and monitored the patents, *Id.* at ¶ 23; and that they knew that it was a "false statement" to mark a product with an expired patent.  (*Id.* at ¶ 26.)   The Complaint contains no factual support for any of these bald allegations.   The Complaint allegation relating to involvement in three patent lawsuits in the last five years is plainly inapplicable because neither defendant was a party to the litigation which allegedly involved a

nonparty, Pentair Filtration Solutions, LLC.  (*Id.* at ¶ 23.)  It is not alleged that either Defendant was a party to these patent infringement lawsuits or that they involved the patents in issue in this case.  *Id.*

## III.   LEGAL STANDARD

A motion to dismiss is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure where a plaintiff's allegations fail to state a claim upon which relief may be granted. Although the court accepts as true the factual allegations in a plaintiff's complaint, Rule 12(b)(6) does not require that the court accept a plaintiff's legal conclusions.  A complaint will not suffice if it offers "labels and conclusions" or "a formulaic recitation of elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive a Rule 12(b)(6) motion, the  complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Johnson v.Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949, in turn quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the facts pleaded in the complaint show "more than a sheer possibility that a defendant has acted unlawfully," *i.e.*, when sufficient facts have been pleaded to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

It is improper to deny a motion for judgment on the pleadings on the assumption that plaintiff after discovery will be able to "prove facts that it has not alleged." *Twombly*, 550 U.S. at 563 n.8 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).   The Court expects factual specificity in a pleading before allowing discovery to proceed.  "[I]t is only by taking care to require allegations [to] reach the level [of plausibility] that we can hope to avoid the potentially enormous expense of discovery." *Twombly*, 550 U.S. at

559.  *See also Iqbal*, 129 S. Ct. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").  Where equally compelling inferences could be drawn from the same set of facts, only one of which gives rise to a cause of action, a claim has not been stated.  *Iqbal*, 129 S. Ct. at 1950 ("Acknowledging that parallel conduct was consistent with an unlawful agreement, the [*Twombly*] Court nevertheless concluded that it did not plausibly suggest an illicit accord because it was not only compatible with but indeed was more likely explained by lawful unchoreographed free-market behavior.").

## IV.    LEGAL DISCUSSION

### A.    Section 292 Violates the Take Care Clause Set Forth in Article II of the United States Constitution.

#### 1.    This Action Should Be Dismissed Because Section 292 is Unconstitutional Under the Take Care Clause.

The false patent marking statute is unconstitutional under Article II of the U.S. Constitution's Take Care clause because it delegates the government's sovereign interests to third-parties without providing sufficient Executive Branch control over third-parties in prosecuting false patent marking actions.  Article II of the U.S. Constitution provides, *inter alia*, that the President of the United States "take Care that the Laws be faithfully executed."  U.S. Const., art. II, § 3.  This includes the function of making sure that the laws of the United States are enforced properly.  *Buckley v. Valeo*, 424 U.S. 1, 138 (1976).  Congress can not transfer law enforcement responsibilities to third-parties where such a delegation denies the Executive Branch sufficient control to make sure that its constitutional mandate is properly carried out.  *Morrison v. Olson*, 487 U.S. 654, 695-96 (1988); *Printz v. United States*, 521 U.S. 898, 923 (1997).  Congressional action in derogation of Executive Branch control of enforcement of laws strikes at the heart of the separation of powers and therefore is constitutionally impermissible.

*See Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 443-44 (1997).  In addition, the Federal Circuit has described the false marking statute "as criminal ..., despite being punishable only with a civil fine."  *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010).

The Fifth Circuit has identified a series of control mechanisms in the False Claims Act that satisfied Article II's constitutional requirements, none of which exist in the false marking statute.  *See Riley v. St. Luke's Episcopal Hospital*, 252 F.3d 749, 752-57 (5th Cir. 2001).  In that regard, the False Claims Act provides that: a third-party relator must notify the Executive Branch before service of suit against a proposed defendant, 31 U.S.C. § 3730(b)(2); the Executive Branch has a right to intervene in the action within sixty days of commencement, *Id.*, or for good cause thereafter, *Id.* at § 3730(c)(3); it has the obligation to take primary control of the action if it determines to intervene, *Id.* at § 3730(c)(1); it must consent to dismissal of the action, *Id.* at § 3730(b)(1); it has the right to limit the relator's discovery, *Id.* at § 3730(c)(4) and participation in the suit, *Id.* at § 3730(c)(2)(c); and it has the right to be served with all papers upon request even if its chosen not to intervene. *Id.* at § 3730(c)(3).  None of these controls or supervisory rights critical to court decisions upholding the False Claims Act against Article II challenge exist in the provisions of the false patent marking statute.  Under the false marking statute, the Executive Branch has no statutory notification right, no statutory intervention right, no statutory right to be served with papers and no statutory right to exercise control over the lawsuit, including the decision to prevent or mandate dismissal of the action.  35 U.S.C. § 292.

The recent decisions by the United States District Court for the Northern District of Ohio in *Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.*, finding the false marking statute unconstitutional under the Take Care clause, are directly in point.  No. 5:10-cv-01912-DAP, 2011 WL 649998 (N.D. Ohio Feb. 23, 2011) (*reconsidered* and *reaffirmed*, Mar. 14, 2011)

(attached hereto as *Exhibit A*).   In *Hy-Grade Valve Inc.*, the Relator similarly alleged that the

defendant had violated the false marking statute by marking products with expired patents.   *Id.* at

*1.   At the suggestion of U.S. District Judge Polster, the defendant briefed the issue of whether

the false marking statute satisfied, *inter alia*, the constitutional requirements of the Take Care

clause.   Judge Polster decided that the false marking statute did not meet those requirements in

its February 23, 2011 Order.   *Id.* at *6.   Thereafter, Judge Polster vacated the February 23, 2011

Order for the purpose of allowing the United States to intervene and seek reconsideration of it.

Upon reconsideration, the Court reaffirmed its February 23, 2011 Order dismissing the action

and incorporated the February 23, 2011 Order into its Memorandum of Opinion and Order dated

March 14, 2011.[2]

In the February 23, 2011 Order and by adoption in the March 14, 2011 Order, Judge

Polster held that the false marking statute did not provide for "sufficient control" by the

Executive Branch of the enforcement of Section 292 under Article II.   *Id.* at *6.   Indeed the

Court found that the false marking statute provided for none of the controls identified in the

False Claims Act that enabled it to pass a constitutional challenge.   In highly relevant language,

the Court stated:

> The False Marking statute essentially represents a wholesale delegation of
> criminal law enforcement power to private entities with no control exercised by
> the Department of Justice.   *See* [*Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363
> (Fed. Cir. 2010)] (False Marking statute is criminal).   It is unlike any statute in the
> Federal Code with which this Court is familiar.   Any private entity that believes
> someone is using an expired or invalid patent can file a criminal lawsuit in the
> name of the United States, without getting approval from or even notifying the
> Department of Justice.   The case can be litigated without any control or oversight
> by the Department of Justice.   The government has no statutory right to intervene
> nor does it have a right to limit the participation of the relator.   The government

---

[2]      An appeal had been taken by the plaintiff from the Court's February 23, 2011
Order.

> does not have the right to stay discovery which may interfere with the government's criminal or civil investigations. The government may not dismiss the action. Finally, the relator may settle the case and bind the government without any involvement or approval by the Department of Justice.

*Id.* at *6. In addition to the "uncontrolled privatization of law enforcement" allowed by the statute, the Court was further troubled by the financial penalties authorized by the statute that also were not statutorily defined in a manner that would control the outcome or temper the motivation to bring lawsuits. *Id.*

In its March 14, 2011 Order, the Court considered and rejected the arguments made by the United States as intervenor in support of the constitutionality of the statute. The government argued that the Court had relied erroneously upon the sufficient control analysis utilized in *Morrison v. Olson*, 487 U.S. 654 (1988) and had incorrectly characterized the false marking statute as criminal rather than civil. *Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.,* No. 5:10-cv-01912-DAP, slip op. at 4 (N.D. Ohio Mar. 14, 2011). The Court rejected both arguments, finding it irrelevant whether the false marking statute was deemed civil or criminal and noting that the *Morrison* sufficient control test had been applied by the Sixth Circuit in interpreting the False Claims Act which also is civil. *Id.* at 5. The Court also noted that the Federal Circuit had not yet rejected the application of the *Morrison* standard to the false marking statute. *Id.* at *6.* The Court pointed out a key distinction between the False Claims Act and the false marking statute with respect to the damages recoverable under the two statutes. *Id.* at 7. While the False Claims Act compensates the United States "for its actual economic harm," the false marking statute provides for a "fine of $500 per falsely marked article" without regard to actual economic harm. *Id.* By way of illustration of the false marking statute's punitive nature, the Court gave the following illustration: "If the false mark is on one million widgets that sell for $10 per widget, the defendant faces a fine of 500 million dollars for 10 million dollars in sales

that likely generated much less in profit. *Id.* Pentair Residential and Purcell submit that the statutory analysis and policy considerations set forth in *Hy-Grade,* although not binding on this Court, provide a thoughtful and reasoned analysis supporting dismissal of this action.

<blockquote>

**2.      This Action Should Be Stayed Until the Federal Circuit Has Had An Opportunity To Consider This Issue.**

</blockquote>

The Federal Circuit should have an opportunity in the near future to consider a constitutional challenge to the false marking statute under the Take Care Clause. The defendant in *United States ex rel. FLFMC, LLC v. Wham-O, Inc.*, asserted that the false marking statute was unconstitutional under the Take Care Clause in the district court. No. 2:10-cv-00435, 2010 WL 3156162 (W.D. Pa. Aug. 3, 2010) ("*Wham-O, Inc.*"). The district court did not reach the argument, deciding the case on the issue of lack of standing. *Id.* at *2. There is an appeal pending before the Federal Circuit in *Wham-O, Inc.* and a constitutional challenge to the false marking statute under the Take Care Clause currently is being briefed. *Id.*, *appeal docketed,* No. 2011-1067 (Fed. Cir. 2011). Pentair and Purcell respectfully request that the Court stay this action pending the determination of this issue by the Federal Circuit.

<blockquote>

**B.      Should the Court Decline to Find the False Patent Marking Statute Unconstitutional, The Complaint Must Be Dismissed Because Plaintiff Fails to State a Claim under 35 U.S.C. § 292.**

**1.      Plaintiff Fails to Make the Requisite Threshold Showing for Section 292 Liability.**

</blockquote>

The false patent marking statute, 35 U.S.C. § 292 ("Section 292"), is a *qui tam* statute pursuant to which any person may bring a claim to enforce the statute on behalf of the United States. 35 U.S.C. § 292(b); *Stauffer v. Brooks Bros., Inc.*, 619 F. 2d 1321, 1322-23 (Fed. Cir. 2010). The statute states in pertinent part:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing the same is

> patented, *for the purpose of deceiving the public*...Shall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a) (emphasis added).  In return for bringing the claim, the plaintiff also known as the "relator," keeps half of the recovery. 35 U.S.C. § 292(b) ("Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.").  Upon the relator's filing, the United States' claim is essentially assigned to him, her or it.  *See*, *e.g.*, *Simonian v. Quigley Corp.*, No. 10-C-1259, 2010 WL 2837180, at *2 (N.D. Ill. July 19, 2010).

There are two elements to a false marking claim: (1) marking an unpatented article; and (2) intent to deceive the public.  *Clontech Labs Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) ("According to the statute, when an unpatented article is marked with the word "patent" or any word or number that imports that the article is patented and such marking is for the purpose of deceiving the public, a fine is invoked.").

### a.   Pentair did not mark upon or affix to an unpatented article the word "patent."

By the express terms of Section 292, a defendant can be potentially liable under Section 292 only if it marks upon or affixes the allegedly false marking on the products in issue.  Here, the complaint does not allege any facts showing that Defendants marked upon or affixed an expired patent to the products in issue.  Accordingly, Relator cannot make the threshold showing of marking or affixing necessary for a false marking claim.

### b.   Pentair did not advertise the products in issue as patented.

The Relator also cannot make the threshold showing that Defendants advertised unpatented articles as patented.  Relator alleges that Defendants falsely marked the packaging of the accused products.  (Complaint ¶ 20.)  Relator fails to state any facts as to where or in what manner the expired patents appear on the packaging.

The courts have held that the statutory requirement for "uses in advertising" contemplates a use to "call something to the attention of the public by way of paid announcement." *Oakley, Inc. v. Bugaboos Eyewear Corp.,* 2010 WL 5173678, at *6 (S.D. Cal. Dec. 15, 2010) (finding that allegedly falsely marked warranty cards for Oakley sunglasses did not meet the "uses in advertising requirement" because the "warranty cards are found inside the packaging; they are invisible until the product is purchased and the packaging opened."). Similarly, marking on the back side of packaging has been held not to constitute "advertising" within the meaning of Section 292 because it does not call the public's attention to the product. *Inventorprise, Inc. v. Target Corp.,* No. 09-cv-00380, 2009 WL 3644076, at *5 (N.D.N.Y. Nov. 2, 2009) ("This marking does not constitute 'advertising' within the meaning of § 292(a). The printed words on the backside of packaging do not constitute a 'printed ... paid announcement' intended to call the public's attention to the [p]roduct.").

Here, Relator does not provide a sufficient basis to conclude that the alleged false marking on the packaging of the accused products constitutes "advertising" within the meaning of the Section 292. Relator has not alleged that the false marking on the packaging was 'visible' to purchasers or sufficient facts to support the inference that it could constitute a paid announcement. Because the Relator fails to allege a plausible factual basis to conclude that the alleged false marking on the packaging could have led a prospective purchaser to see and rely upon it prior to purchase, Relator also fails to make the required showing that Defendants used expired patents in advertising.

## 2. Relator Fails to Plead Intent to Deceive with the Requisite Particularity under Rule 9(b).

By its terms, the false marking statute requires that the defendant falsely mark unpatented articles as patented "for the purpose of deceiving the public." 35 U.S.C. § 292 (a). The Federal

Circuit just this week clarified that allegations of intent to deceive in false marking complaints must be pled with sufficient particularity to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *In re BP Lubricants USA Inc*., Misc. Docket 960, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011) (consideration of *writ of mandamus* petition). The Complaint herein fails to meet the particularity requirements of Rule 9(b) and should be dismissed.

In re BP Lubricants USA Inc. follows the Federal Circuit's earlier decision in *Stauffer v. Brooks Brothers*, 619 F.2d 1321 (Fed. Cir. 2010) stating that intent to deceive must be pled "with sufficient specificity to meet the heightened pleading requirements for claims of fraud imposed by Rule 9 (b)." *Id.* at 1328. Even before the Federal Circuit's decisions, a number of district courts and appellate courts similarly have held that Rule 9(b) applies to false patent marking claims. S*ee Juniper Networks v. Shiple*y, No. C 09-0696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) ("The false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Inventorprise, Inc. v. Target Corp.*, No. 09-cv-00380, 2009 WL 3644076, at *7 & n.16 (N.D.N.Y. Nov. 2, 2009) (citing *Juniper Networks* for the proposition that § 292 is a fraud-based claim, subject to Rule 9(b)); *Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1360 (9th Cir. 1980) ("The state-of-mind finding with respect to false marking logically should be consonant with the 'fraud' findings.").

Rule 9(b) requires, by its terms, that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To meet this standard, a plaintiff must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp.*, 575 F.3d at 1327. *See also United States ex rel. Eisenstein v. City of New York*, No. 03-cv-413-DAB, 2006 WL 846376 at *4 (S.D.N.Y. Mar. 31, 2006) ("While [Rule 9(b)] goes on to provide that '[m]alice, intent, knowledge and

other conditions of mind of a person may be averred generally,' the mandate of the Rule is that a complaint alleging fraudulent conduct must allege such conduct with particularity.")

In *In re BP Lubricants USA Inc.,* the Federal Circuit on petition for *writ of mandamus* held that Rule 9(b) applies to false marking claims and that the allegations in a virtually identical complaint were insufficient to satisfy the requirements of Rule 9(b).  Misc. Docket 960, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011).  In that case, the relator had alleged that the petitioner BP Lubricants USA Inc. had marked Castrol products with expired patent numbers with intent to deceive the public.  *Id.* at *1.  In support of the defendant's alleged intent to deceive, the Relator pled the following allegations:

> The complaint also asserts mostly 'upon information and belief,' that: (1) BP knew or should have known that the patent expired; (2) BP is a sophisticated company and has experience applying for, obtaining and litigating patents; and (3) BP marked the CASTROL products with the patent numbers for the purpose of deceiving the public and its competitors into believing that something contained or embodied in the products is covered or protected by the expired patent.

*Id.*  The district court had held that the complaint met the requirements of Rule 9(b), relying on *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), and stating that "it was enough under Rule 9 (b) for the relator to allege that BP (the 'who') had deliberately and falsely marked (the 'how') at least one line of its motor oil products (the 'what') with an expired patent and continues to falsely mark its products (the 'when') throughout the Northern District of Illinois and the rest of the United States (the 'where') with the intent to deceive its competitors and the public." *Id.* at *2.

The Federal Circuit granting the petition for *writ of mandamus* in *In re BP Lubricants USA Inc.*, determined that the District Court had abused its discretion in holding that the allegations in the complaint met the requirements of Rule 9(b).  *Id.* at *3.  It held that the district court was "clearly incorrect" in accepting the relator's bare allegations that BP knew or should

have known that the patent had expired rather than requiring the relator to allege facts from which it could be inferred that BP knew or should have known that the patent had expired. *Id.* at *2-3. It referenced holdings applying Rule 9(b) to the False Claims Act and saw "no sound reason to treat § 292 actions any differently." *Id.* at *2. The Federal Circuit considered and rejected four arguments made by the relator in support of the sufficiency of its allegations. First, and of particular significance to the complaint in this case, the Federal Circuit found the allegations in the Complaint that BP was a "sophisticated company and has experience appearing for, obtaining and litigating patents" to be conclusory and "not entitled to the assumption of truth at any stage in litigation." *Id.* at *4. The Court stated: "This court holds that Rule 9(b)'s particularity requirement applies to false marking claims and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *Id.* at *1. Second, the Federal Circuit rejected the argument that the false marking itself shows scienter. *Id.* at *4. Third, the Federal Circuit rejected the argument that Section 292 did not require showing of "individualized fraud," holding that a relator must identify some objective facts in support of an alleged intent to deceive, such as that the defendant had made multiple revisions of the marking after patent expiration, in order to plausibly demonstrate entitlement to relief. *Id.* Last, the Federal Circuit held that the rebuttable presumption it upheld in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010) merely activates the inquiry under Rule 9(b) and that the " 'the bar for proving deceptive intent [in false marking cases] is particularly high,' requiring that relator show 'a purpose of deceit, rather than simply knowledge that a statement is false.'" *Id.* at *4.

Here, just as in *In re BP Lubricants USA Inc.*, the Complaint lacks the requisite particularized pleading of intent to deceive.  As in *In re BP Lubricants USA Inc.,* the Relator fails to plead any actual facts to support the legal conclusion that any alleged false marking was done with the "purpose of deceiving the public."  35 U.S.C. § 292.  Rather, the Relator relies on the conclusory allegations rejected as insufficient in *In re BP Lubricant USA Inc.*, that Defendants are "large, sophisticated companies," that they "have many years experience applying for patents, obtaining patents, and/or litigating patent infringement lawsuits," and that Defendants knew that the patents had expired but marked them on the accused products nonetheless. *(*Complaint ¶ 22-23.)  Similarly, the allegation that Defendants "regularly retain, sophisticated legal counsel," Complaint ¶ 23, also is insufficient to show that those attorneys knew that patents allegedly held by Defendants had expired.  *See Herengracht Group LLC v. American Tombow, Inc.*, No. 2:10-cv-362-FtM-29SPC, 2010 WL 5477495 (M.D. Fla. Dec. 30, 2010) at *2-3 (dismissing a false marking complaint and noting that the complaint does not allege that the defendant knew of the expiration of the patent at the time the products were marked and that knowing generally that patents expire is insufficient).

In *In re BP Lubricants USA Inc.*, the Federal Circuit recognized the need for stricter standards to address the plethora of false marking lawsuits brought against many, if not most, large corporations in the United States, often without adequate foundation.  This case is one such case.  It is a frivolous false marking case and should be dismissed at the pleadings stage.  Where, as here, no facts are pled in support of intent to deceive, the Complaint should be dismissed consistent with the "high bar" for establishing deceptive intent required by the Federal Circuit in *Pequignot*, 608 F.3d at 1363.  *In re BP Lubricants USA Inc.* makes plain that intent to deceive can not plausibly be premised solely on complaint allegations that corporations are large, have

patents and a legal department, as is the case here.  Accordingly, Defendants respectfully request that the Complaint be dismissed.

### 3. The complaint must be dismissed because Relator fails to satisfy even the minimal pleading standard set forth in rule 8.

Relator's Complaint is an example of the type of pleading that also does not suffice under the lesser requirements of Rule 8.  Under Rule 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The only statements offered in support of Defendants' alleged state of mind are precisely the "formulaic recitation" or "[t]hreadbare recital[ ]" of an element of a cause of action that *Twombly* and *Iqbal* have proscribed.  *See Twombly*, 550 U.S. at 545; *Iqbal*, 129 S. Ct. at 1949.  As other courts have done, this Court should find that Relator's allegations fall far short of stating a cognizable claim and dismiss the Complaint for failing to properly do so.  *See Brinkmeier v. Graco Children's Prods. Inc.*, No. 09-262-JJF, 2010 WL 545896, at *4 (D. Del. Feb. 16, 2010) ("[T]he Amended Complaint, in large part, fails to sufficiently plead a required element—intent to deceive—under even the liberal pleading standards of Rule 8(a)."); *Inventorprise, Inc. v. Target Corp.,* No. 09-cv-00380, 2009 WL 3644076, at *7 (N.D.N.Y. Nov. 2, 2009) ("Plaintiff has failed to set forth sufficient facts to establish a plausible claim that, by selling the Product with a false patent number on the back of its package, [Defendant] acted with the intent to deceive the public.").  Relator simply makes no factual allegations that would support its conclusory assertion that Defendants acted "with the intent to deceive the public."  No facts are provided that would support an inference of an intent

to deceive any more than an intent not to deceive.  Relator does not allege a plausible factual basis for relief sufficient to rise above the speculative level.

### C. The Court Should Dismiss Purcell as a Defendant on the Additional Ground of Lack of Personal Jurisdiction Over Purcell.

As is set forth in the accompanying Declaration of Don Connors executed on March 15, 2011, this Court lacks personal jurisdiction over Purcell.  The Connors Declaration is attached as Exhibit C.  Purcell is a California corporation with its principal place of business in Brisbane, California.  (Connors Decl. ¶ 3)  Purcell has no offices or facilities in the State of Texas. (Connors Decl. ¶ 4)  It does not distribute any Pentair products in the state of Texas and makes no sales and distributes no products whatsoever in the State of Texas.  (Connors Decl. ¶¶ 5, 8).  It is not accused of having any contract with Texas residents or committing a tort in the State of Texas.

Although the reach of Texas long arm statute, Tex. Civ. Prac. & Rem. Code § 17.042, is broad with its limits coextensive with the due process minimum contacts analysis, it requires that the exercise of personal jurisdiction not offend the "traditional notions of fair play and substantial justice" articulated in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Where, as here, Purcell has no contacts with the State of Texas, exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.  Accordingly, this action should be dismissed under Rule 12(b)(2) as against Purcell.

## V.   CONCLUSION

For all the foregoing reasons, the Defendants respectfully request that this Court grant their motion and dismiss GHJ Holdings, LLC's Complaint in its entirety with prejudice.

Dated: March 18, 2011                     Respectfully submitted,


_____*/s/ Kristie A. Wright*_____
Darby V. Doan
Texas Bar No. 00793622
Kristie A. Wright
Texas Bar No. 00794884
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
(903) 255-1000 telephone
(903) 255-0800 facsimile
ddoan@haltomdoan.com
kwright@haltomdoan.com


Thomas M. Crispi (*pro hac pending*)
NY Bar No. 2584332
Judith S. Roth (*pro hac pending*)
NY Bar No. 1180454
SCHIFF HARDIN LLP
900 Third Avenue, Twenty-Third Floor
New York, NY  10022
(212) 753-5000 phone
(212) 753-5044 facsimile
tcrispi@schiffhardin.com
jroth@schiffhardin.com

**Counsel for Defendants Pentair Residential
Filtration, LLC and Purcell Murray Builder
Sales Company, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 18[h] day of March, 2011, with a copy of this PENTAIR RESIDENTIAL FILTRATION, LLC AND PURCELL MURRAY BUILDER SALES COMPANY, INC.'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS via the Court's CM/ECF system per Local Rule CV-5(A)(3).

I further certify that on the same date a true and complete copy of said document was also sent to the following counsel of record for Plaintiff, by means of United States mail, postage prepaid.

Randall T Garteiser, Esq.
Garteiser Law Group
44 N San Pedro Road
San Rafael, CA 94903
randall@glgnow.com

_____ */s/ Kristie A. Wright*_____
Kristie A. Wright